Filed 7/22/25  P. v. Gallardo CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B335192 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA134117) |
| v. | |
| ANGEL JESUS GALLARDO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kelvin D. Filer, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Blake Armstrong, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Angel Jesus Gallardo appeals from the superior court's order resentencing him under Senate Bill No. 483 (2021-2022 Reg. Sess., Stats. 2021, ch. 728, § 3), codified as Penal Code section 1172.75 (formerly section 1171.1).[1]  The court struck Gallardo's one-year prior prison term enhancement under section 667.5, former subdivision (b), reducing his aggregate sentence by one year, and reimposed the original sentence of 15 years.  Gallardo's sole contention is that the court improperly relied on defense counsel's "hearsay representation" regarding Gallardo's postconviction record in declining to further reduce his sentence.  We affirm.

## PROCEDURAL BACKGROUND[2]

In 2015, a jury convicted Gallardo of second degree murder (§ 187, subd. (a)), two counts of attempted murder (§§ 664, 187, subd. (a)), and shooting at an occupied vehicle (§ 246).  The jury found that the attempted murders had been willful, deliberate, and premeditated (§ 664, subd. (a)), and that all the crimes had

---

[1]    Further statutory references are to the Penal Code. Effective January 1, 2022, section 1171.1 was renumbered to section 1172.75 with no change in text.  (Assem. Bill No. 200 (2021-2022 Reg. Sess., Stats. 2022, ch. 58, § 12).)

[2]    Aside from arguing section 1172.75 required the court to personally review Gallardo's prison file prior to deciding Gallardo was not entitled to a further sentence reduction, Gallardo does not argue that the court abused its discretion in declining to resentence him.  We do not recite the facts of Gallardo's underlying offenses because the issue Gallardo has raised is purely a legal question.  The facts of Gallardo's case are set forth in our prior opinion on his direct appeal.  (See *People v. Gallardo* (Dec. 6, 2017, B269034) [nonpub. opn.].)

been committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).  The jury also found that, as to one of the attempted murder counts, a principal personally used a firearm and a principal personally and intentionally discharged a firearm.  (§ 12022.53, subds. (b), (c), (e)(1).)  In a bifurcated proceeding, Gallardo admitted he served a prior prison term within the meaning of section 667.5, former subdivision (b).

The trial court sentenced Gallardo to an aggregate term of 16 years to life in state prison, consisting of 15 years to life for second degree murder (§ 190, subd. (a)) plus a consecutive term of one year for the prior prison term enhancement, and concurrent terms of 15 years to life for each attempted murder count (§§ 186.22, subd. (b)(5), 664, subd. (a)).  The court also imposed but stayed a 15-year sentence for shooting at an occupied vehicle (§ 186.22, subd. (b)(4)(B)).  We affirmed the judgment on appeal. (*People v. Gallardo* (Dec. 6, 2017, B269034) [nonpub. opn.].)

In 2021, the Legislature invalidated all section 667.5, subdivision (b), prior prison term enhancements that were imposed before January 1, 2020, and did not arise from convictions for sexually violent offenses.  The Legislature enacted section 1172.75, which provides a procedure for resentencing inmates serving terms that include those now-invalid enhancements.  (§ 1172.75, subd. (a).)

In early 2023, the California Department of Corrections and Rehabilitation (CDCR) notified the superior court that Gallardo was serving a term for a judgment that includes the now-invalid enhancement.  The court reviewed the judgment, verified that it includes a now-invalid enhancement, and appointed counsel.

Neither defense counsel nor the People submitted any briefing.  At the resentencing hearing in August 2023, defense counsel stated, "[The People have] pointed out . . . that . . . Gallardo's C-file[3] is not conducive to resentencing.  He has an attempted murder on an inmate in 2023.  I don't know if the court would be interested in exercising its discretion to reduce the sentence based on that, but I think the law is clear that the court does need to strike his one-year prior."  The court "accept[ed] counsel's representation as to what is contained within the C-file," struck Gallardo's one-year prior prison term enhancement, and reimposed "[a]ll other terms and conditions previously imposed."

Gallardo timely appealed.

## DISCUSSION

Gallardo argues that his defense counsel's "hearsay representation cannot serve as a justification to fail to conduct a full resentencing where the trial court did not review [Gallardo's] disciplinary record."  Not only did Gallardo forfeit any objection, but the court was entitled to accept and rely on the representation by defense counsel.

A.    *Section 1172.75 and Standard of Review*

Effective January 1, 2022, Senate Bill No. 483 added section 1172.75 to the Penal Code.  (*People v. Christianson* (2023) 97 Cal.App.5th 300, 310, review granted Feb. 21, 2024, S283189

---

3    The C-file refers to the "confidential correctional inmate file[]" maintained by the CDCR.  (*People v. Landry* (2016) 2 Cal.5th 52, 71.)

4

(*Christianson*).) Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75, subdivision (b), instructs the CDCR or county correctional administrator to " 'identify those persons in [its] custody currently serving a term . . . that includes an enhancement' " for a prior prison term under section 667.5, subdivision (b), and " 'provide the name of each [such] person . . . to the sentencing court that imposed the enhancement.' " (*Christianson, supra*, 97 Cal.App.5th at p. 310, review granted, quoting § 1172.75, subd. (b).) The sentencing court "shall review the judgment" and verify that the judgment includes a prior prison term enhancement. (§ 1172.75, subd. (c).) "If the court determines that the current judgment includes [such] an enhancement . . . the court shall recall the sentence and resentence the defendant." (*Ibid.*; see *Christianson*, at p. 310.)

Section 1172.75 outlines "specific instructions" for resentencing. (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.) "First, the resentencing 'shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. . . .' [Citation.] Second, the trial court 'shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' (§ 1172.75, subd. (d)(2).) Third, the court 'may consider postconviction factors, including,

but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.] Fourth, '[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that . . . have been stipulated to by the defendant, or have been found true beyond a reasonable doubt . . . .' [Citation.] Finally, the court 'shall appoint counsel' for the resentencing." (*Carter*, at pp. 966-967; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855-856, fn. 12; *People v. Monroe* (2022) 85 Cal.App.5th 393, 399.) "[S]ection 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*Monroe*, at p. 402; accord, *Garcia*, at p. 855.)

We review questions of law and statutory interpretation de novo. (See *People v. Grimes* (2016) 1 Cal.5th 698, 712; *People v. Mathis* (2025) 111 Cal.App.5th 359, 366.) " 'When interpreting a statute, a court's role "is to determine the Legislature's intent so as to effectuate the law's purpose." [Citation.] "We begin as always with the statute's actual words, the 'most reliable indicator' of legislative intent, 'assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs.' " ' " (*People v. Davenport* (2023) 95 Cal.App.5th 1150, 1157-58.)

B.    *Gallardo Forfeited His Argument*

We agree with the People that Gallardo forfeited his argument by raising it for the first time on appeal.  Defense counsel did not provide the court with Gallardo's inmate file or ask the court to review it.  Moreover, defense counsel did not object when the superior court explicitly relied on his oral representation regarding Gallardo's inmate file.  Gallardo therefore forfeited the challenge on appeal.  (See *In re Sheena K.* (2007) 40 Cal.4th 875, 880 ["Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal."].)

C.    *The Court Did Not Err by Relying on Defense Counsel's Representation*

Even if the issue is not forfeited, the superior court did not "abdicate[] its responsibility under section 1172.75," as Gallardo contends, by accepting defense counsel's representation that Gallardo's inmate file showed he had recently attempted to murder another inmate.[4]

Gallardo primarily relies on *People v. Gallardo* (2024) 105 Cal.App.5th 296 (*Gallardo*),[5] to argue that section 1172.75 "requires the trial court itself to review the [postconviction disciplinary] record."  In *Gallardo*, the defendant appealed the superior court's denial of his petition for resentencing under

---

[4]    We exercise our discretion to reach the merits of the issue. (See *In re Sheena K.*, *supra*, 40 Cal.4th at p. 887, fn. 7 ["an appellate court may review a forfeited claim—and '[w]hether or not it should do so is entrusted to its discretion' "].)

[5]    The defendant in *Gallardo* is not the same defendant here.

7

section 1172.6.  The superior court summarily denied the petition based on the People's oral representation regarding the jury instructions from the defendant's trial.  (*Gallardo*, at p. 302.)  The record did not indicate "the court reviewed any documentary evidence at all."  (*Ibid*.)  The *Gallardo* court concluded that the superior court failed to adequately perform its "statutorily mandated task" under section 1172.6, subdivision (c), which requires the court to examine the record of conviction, including the jury instructions, to assess whether the defendant made a prima facie case for relief.  (*Gallardo*, at p. 302.)

*Gallardo* is inapposite.  It addressed a substantially different statute (§ 1172.6) and held that the superior court erred by failing to follow the specific procedure mandated by that statute.  (*Gallardo*, *supra*, 105 Cal.App.5th at p. 299.)  By contrast, the issue before us is the application of section 1172.75.

Section 1172.75 states the court "*may* consider" the defendant's postconviction disciplinary record, not that it must.  (Compare § 1172.75, subd. (d)(3) ["The court *may* consider postconviction factors, including, but not limited to, the disciplinary record," (italics added)] with § 1172.1, subd. (a)(5) ["[i]n recalling and resentencing pursuant to [§ 1172.1], the court *shall* consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated," (italics added)].)  And once the superior court elects to rely on the postconviction record, nothing requires the court to itself study the petitioner's post-conviction records as opposed to relying on the representation of defense counsel with respect to those records.  The superior court could reasonably determine that Gallardo's defense counsel would not misrepresent that his client had a recent serious felony charge,

8

and the court could safely rely on such a representation about Gallardo's recent criminal conduct.[6]

## DISPOSITION

The judgment is affirmed.

STONE, J.

We concur:

MARTINEZ, P. J.

FEUER, J.

---

[6] If Gallardo believes that defense counsel's representation regarding the content of Gallardo's inmate file was inaccurate, and in fact he was not accused of a 2023 attempted murder on another inmate, he could file a petition for writ of habeas corpus in the superior court, relying on the inmate file.